**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Naseem S. Stanazai )<br>c/o 1310 L Street NW )<br>Suite 750 )<br>Washington DC 20005 )<br> )<br>Plaintiff )<br> )<br> )<br>v. )<br> )<br>BROADCASTING BOARD )<br>OF GOVERNORS )<br>JEFFREY SHELL )<br>In his official capacity as Chairman )<br>c/o David Kligerman, General Counsel )<br>330 Independence Ave. SW )<br>Washington DC 20237 )<br> )<br>Defendant )<br>_____) | Case No.<br>Judge_____<br><br>JURY TRIAL REQUESTED |

**COMPLAINT**

For his Complaint against the Board of Broadcast Governors, Plaintiff Naseem Stanazai, an International Broadcaster at the Pashto Language Service, Voice of America, by and through his undersigned attorney, files this complaint against Defendant for violating his civil rights as an employee. Mr. Stanazai has been subjected to discriminatory actions by his employer in an effort to force him to retire.

Defendant, is an agency of the federal government and operates under the laws of United States. Service upon an agency of the United States shall be made by delivering or mailing a copy of the summons, complaint to the Office of the: United States Attorney for the district in

1

which the action is being brought, the Attorney General of U.S. in Washington, D.C. and to the agency. *Fed Civ. P. 4 (i)*.

## JURISDICTION

1. The court has jurisdiction over the lawsuit based on action for discrimination; arising under Title VII. *42 US.C. §2000e-2,* 29 .CFR 1614.202, 29 CFR 1620, Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq., as well as Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§451 (judiciary), 28 U.S.C.§1331 (federal question), 28 U.S.C. §1343 (civil rights), 29 U.S.C.§626(b) (ADEA Enforcement, Age Discrimination in Employment Act, 29 U.S.C. §633a) and 42 U.S.C. §2000e-5(f)(1)(unlawful employment practices) and (Title VII Enforcement) and 42 U.S.C. §1981a(equal rights).

## VENUE

2. The employment practices of Defendant alleged to be unlawful were committed within the jurisdiction of the District of Columbia. In addition, Defendant maintains its primary business location within the jurisdiction of the District of Columbia. Accordingly, venue is proper pursuant to 28 U.S.C. §1391(b)(1)&(2).

## EXHAUSTION OF ADMINISTRATION REMEDIES

3. Prior to filing this action, Plaintiff timely filed with Office of Civil Rights within the forty five (45) days, their written charge asserting Defendant's discrimination based on age discrimination, and reprisal. In conformance with the law, Plaintiff has exhausted administrative remedies, therefore all conditions precedent to the Plaintiff maintaining this civil action have occurred or been waived.

## PROTECTED CLASS MEMBERSHIP

4.  This lawsuit is brought under 42 U.S.C. §2000 et. Seq. (Title VII) and its counterpart 42 U.S.C. §1981 and 29 U.S.C. §626(b). Title VII and §1981 prohibit employers form discriminating "against any individual with respect to their compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin.  See: 42 U.S.C. §2000e-2(a).  Additionally, this lawsuit is brought pursuant to the Age Discrimination Act 29 U.S.C. §636. Plaintiff identifies that he is over forty (40) years old; and subjected to harassment based on his age and reprisal for having complained to management about the harassment and discrimination by his mangers.

## PARTY
## BACKGROUND FACTS

1.  Mr. Naseem Stanazai is an International Broadcaster (GS-12) at Voice of America (VOA). He is assigned to South Asia Division, Afghan Service (Pashto Language), located at 330 Independence Ave. Washington DC.

2.  Mr. Naseem Stanazai started working for VOA on or about 2001. Mr. Stanazai has a degree in mass communications from University of South Carolina, at Columbia, along with 15 years experiences as an editor of bilingual newspapers and newsletters and over 12 years experiences in radio broadcasting.  He is an expert in the Pashto language.  He holds a Bachelor of Arts from University of Kabul; he has trained in Kabul Radio for 18 weeks in poetry declamation and news reading and accurate pronunciation.

3. Mr. Stanazai is a career journalist and broadcaster in the Pashto language. As a Pashto language expert, Mr. Stanazai has had great success in simultaneous translation from English to Pashto, during live broadcasts.

4. Mr. Stanazai has also been requested on several occasions by management to do simultaneous translations for Ashna TV.

5. Mr. Stanazai is a well known and respected Pashto language expert and highly accomplished in all categories of his job.

6. Mr. Stanazai is 60 years of age, (DOB: 12-20-1953). He is a naturalized United States citizen who is originally from Afghanistan and is a native Pashto and Dari speaker, two of the main languages spoken in Afghanistan.

5. Management has implemented a change in policy named New Format since 2010, which directly excludes senior staff and favors junior staff and particularly has resulted in excluding Mr. Stanazai from being considered for any of the management positions for which he applied, even though he is tasked with carrying out the management tasks, without the promotion.

6. Management tried to force Plaintiff to retire and leave his job because of his age and in reprisal for having filed complaints against his employer for discrimination.

7. When Plaintiff refused to succumb to the hostilities and discriminatory acts and leave his job, he was further subjected to a hostile work environment, and in reprisal for reporting harassing behavior, refused GS 13, during a benchmarking session in 2016/2017, when Mr. Stanazai's less qualified co-workers were upgraded to GS 13.

8. Mr. Stanazai has carried out tasks that qualify him as a manager, however he has not been promoted and in fact deliberately overlooked for every management position for which he has applied since on or about 2010.

9. Mr. Stanazai applied for the position of Managing Editor on or about 2010 and he was denied. The position went to someone who was far less qualified, Mr. Ibrahim Nasar (who was removed from the position in 2016).

10. On or about 2013, Mr. Stanazai applied for the position of Chief of Afghan Service, the position went to Mr. Masood Farivar, who is far less qualified for the position compared to Mr. Stanazai.  Mr. Farivar was removed from this position in 2016.

11. In 2014/2015 Mr. Stanazai was editing Ms. Shaiesta Sadat Lamih's work, but she was promoted to the position of Managing Editor of TV and Radio, Pashto Service, even though Mr. Stanazai had applied for the same position. Mr. Stanazai is now working under the supervision of Ms. Lamih.

12. In 2015 Ms. Lena Rosbi was promoted to GS 13 as the Managing Editor of Ashna TV, in Dari and Pashto language, a position for which Mr. Stanazai is far more qualified, but he was not selected.  In fact the Director of South East Asia Division, Mr. Akbar Ayazi told Mr. Stanazai to help Ms. Rosbi do her job as a manager because of her lack of qualifications. Ms. Rosbi admitted that Mr. Stanazai is far more qualified for the position, but Mr. Stanazai was not given a chance and the position went to Ms. Rosbi.

13. Mr. Stanazai applied for several management positions that became available, but was denied, as reprisal for his EEO complaints.

14. Mr. Stanazai filed a federal complaint, 1:14-cv-00768-RDM, Achagzai et al v. Broadcasting Board of Governors, 2014.

15. Mr. Stanazai was continuously discriminated against based on his national origin, age, and sex (male) and in reprisal for participating in protected EEO activity, when as of October 7, 2016, again he was treated less favorably thank similarly situated employees when he was overlooked for all positions that came available to include promoting an employee who lacked the necessary qualifications for the positions.

## Count 1
## Discrimination Under Title VII

16. Plaintiff is an employee within the meaning of Title VII and belongs to classes protected under the statute; namely age. *See 42 U.S:C. §2000e(f)* and *29 US.C. §623 et se.q* Defendant is an employer within the meaning of Title VII. *42 US.C. §2000e(b)* Defendant intentionally discriminated against Plaintiff based on his age, in violation of Title VII by subjecting him to constant harassment, work conditions which were humiliating and by forcing him to retire before he is ready to retire.

17. The Defendant has further perpetuated this discriminatory treatment on Plaintiff by creating a schedule that the Plaintiff could not perform. When Plaintiff complained to management he was retaliated against with even more difficult and straining schedule.

18. **WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff behalf, in the amount of $100,000 (one hundred thousand dollars) on the count of age discrimination pursuant to Title VII and grant such further relief as this Court deems appropriate.

## Count 2
## Age Discrimination

19. Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq. and belongs to the class of employees protected under the statute, namely, employees over the age of 40 years. *See 29 US.C. §630(j)* Defendant is an employer within the meaning of the ADEA. *29 US.C. §630(b).*

20. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA by subjecting him to conditions and terms of employment that were not enforced on younger employees. The Plaintiff was treated in a manner that was different from the younger employee. Younger employees were promoted over him.

21. The new format required that younger employees replace the senior staff.

22. The management harassed and targeted the senior staff, including plaintiff to force them to either leave their positions or be terminated.

23. **WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's behalf, on the count of age-based discrimination pursuant to the ADEA and grant such further relief as this Court deems appropriate.

## COUNT 3
## RETALIATION

24. Plaintiff re-alleges and incorporate by reference the allegations of all paragraphs above as though fully set forth herein. Pursuant to the ADEA and applicable federal government equal employment opportunity regulations, the Agency, as a federal employer, is specifically prohibited from unlawful retaliation against Plaintiff, because they engaged in EEO activities

protected by Title VII and the ADEA 20 U.S.C Section 633a(a) and 623(b). 29 C.F.R. Section 1614.103 (2004). The Agency by virtue of the unlawful adverse actions set forth in the aforementioned paragraphs of this Complaint, engaged in direct, willful and unlawful ADEA retaliatory discrimination against Plaintiff because of his protected ADEA activities. Plaintiff's managers and supervisors included Mr. Ibrahim Nasar, Ms. Spoghmai Maiwandi, Ms. Beth Mendelson, and later Mr. Masood Farivar and Mr. Dahiyat, and Mr. Akbar Ayazi.

25. The Agency, by and through its managers actions and the actions of Human Resources and employees servicing beneath management in the supervisory chain of command engaged in calculated and purposeful campaign of unlawful retaliation, unlawful discrimination and unlawful workplace harassment against the Plaintiff. The Agency intentionally subjected Plaintiff to intentional and unlawful ADEA retaliatory discrimination. The intentional, unlawful retaliation was created and perpetuated and tolerated by management.

26. The Agency is liable for the intentional and unlawful retaliation against the Plaintiff because the Agency officials and managers knew or should have known of the unlawful retaliation and did not take immediate, appropriate and effective corrective action.

27. The Agency's treatment of the Plaintiff, considered in its totality and in cumulative manner, as set forth in the above paragraphs of this claim and Complaint, constitutes unlawful, direct, intentional, adverse, tangible, retaliatory and discriminatory employment actions prohibited by ADEA. The Agency's treatment of Plaintiff constitutes, unlawful, willful, adverse, retaliatory discrimination in violation of 29 U.S.C Sections 633a(a) and 623(a)(1)(2)(d) and 626(b)

28. Defendant, by and through its agents, retaliated against Plaintiff when it knew or should have known that the same were in violation of the ADEA and any alleged reasons to the contrary are pretextual. As a result of Defendant's discriminatory actions Plaintiff suffered pecuniary and non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Because of these losses, Plaintiff seeks compensatory damages. Defendant's actions were done with malice and/or with reckless indifference to Plaintiffs' protected rights. Plaintiff are therefore entitled to punitive damages. The Defendants conduct motivated by age discrimination had the purpose or effect of creating an intimidating, hostile or offensive working environment and had the purpose or effect of unreasonably interfering with Plaintiff' work performance and/or otherwise adversely affected Plaintiff' employment opportunities in violation of Title VII and 29 C.F.R. $§1606.8(b)$.

29. The hostile work environment was sufficiently pervasive to alter the conditions of employment for Plaintiff and to create an abusive work environment. The acts of the Defendants and the agents of Defendants were not isolated or trivial. The defendants knew or should have known of the conduct creating a hostile work environment and failed to take prompt and effective remedial action.

**Damages**

As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

1. Plaintiff was denied a promotion and pay for work that he performed in reprisal for his EEO activity.
2. Plaintiff suffered damage to his professional work history and reputation.

3. Defendant's conduct was an intentional and willful violation of Title VII, and the ADEA.
4. Plaintiff is entitled to an award of attorney fees and costs under Title VII.

**Prayer**

For these reasons, Plaintiff asks for judgment against the Defendant to receive back pay, future pay, interest and all damages to which he is entitled, including award of attorney fees and costs. All other relief the court deems appropriate.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff's demand a trial by jury in this action . This jury demand is being filed with the Clerk of the United States District Court for the District of Columbia, as required by Fed. R. Civ. P. 5(d) and Fed. R. Civ. P. 38 (b).

Dated: December 11th, 2017

Respectfully Submitted,
By Counsel

*/S/ S. Sarah Shah*
S. Sarah Shah
D.C. Bar No. 995094
1310 L Street NW
Suite 750
Washington DC 20037
Law Offices of Shah & Shah PLLC
Telephone: (202) 450-1051
Direct: (202) 450-1059
Fax: (202) 234-1270
Attorney for Plaintiff