UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NASEEM S. STANAZI,<br><br>Plaintiff,<br>v.<br><br>BROADCASTING BOARD OF GOVERNORS<br><br>Defendant. | Civil Action No.: 17-2653 (RDM) |

## Opposition to Defendant's Motion for Summary Judgment

Plaintiff submits the following in opposition to Defendant's Motion for Summary Judgment.

### STANDARD

Summary judgment is only appropriate when the evidence is "so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). .Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* This is the case even when the court has grave doubts about the statements of the opposing party. The task of determining credibility is the exclusive domain of the jury. *Greene v. Dalton*, 164 F. 3d 671 (D.C. Cir. 1999).

### ARGUMENT

The District of Columbia Circuit has cautioned that judicial inquiry into the *prima facie* case is usually misplaced. *Brady v. Office of the Sergeant at Arms*, 520 F. 3d 490 (D. C. Cir. 2008). "In a Title VII disparate-treatment suit where an employee has suffered an adverse employment action and an employer has asserted a legitimate, non-discriminatory reason for the decision, the district court need not — and should not — decide whether the plaintiff actually made out a *prima facie* case under *McDonnell Douglas*. Rather, in considering an employer's motion for summary judgment or judgment as a matter of law in those circumstances, the district court must resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin?" *Id* at 494. Here, Defendant claims that there were no open positions to fill and there was no selection process. The "central question" them becomes whether Plaintiff has produced sufficient evidence for a reasonable jury to find that this asserted non-discriminatory reason was not the actual reason for the adverse employment action and that Defendant intentionally discriminated against Plaintiff on the basis of race, color, religion, sex, or national origin. In making this determination, as with all issues of summary judgment, the court must view the evidence in the light most favorable to the non moving party and draw all reasonable inferences in his favor; the court is not to make credibility determinations. *Holcolmb v. Powell*, 433 F. 3d 889 (D.C. Cir. 2006). Plaintiff has produced sufficient evidence.

Defendant claims that there was no selection process associated with the senior editor roles. Please see statement of facts in dispute, particularly No. 10. However, it is not necessary

that Plaintiff was denied through a formal application process. Plaintiff has repeatedly sought a senior editor position. ECF doc 33-5 pg. 1. Courts have generally held that the failure to formally apply for a job opening will not bar a Title VII plaintiff from establishing a *prima facie* claim of discriminatory hiring, as long as the plaintiff made every reasonable attempt to convey his interest in the job to the employer. *EEOC v. Metal Service Co.*, 892 F. 2d 341 (3rd Cir. 1990). The District of Columbia Circuit has held that, when a position is not subject to a formal selection process, it is sufficient for a *prima facie* case that a plaintiff express interest in the position. *Cones v. Shalala*, 199 F. 3d 512 (D.C. Cir. 2000). Here, Plaintiff repeatedly expressed interest in the senior editor position. He was denied that position.

Defendant claims that the employees promoted to "senior editor" perform the same duties they performed as "team leaders", hence there was no open position for Plaintiff to be promoted to. Further, defendant states that the four broadcasters Ahmad Sear Zia, Hafiz Assefi, Roshan Noorzai and Hasib Alikozai were "team leaders" who were promoted to senior editor, after the reconstruction. These individuals were later further promoted to GS13. At least one of these individuals, Zia was promoted to GS13 in June of 2017, by defendant's own admission. SOF 13.

Defendant would want this court of blindly believe that all these new positions, i.e. going from team leader to senior editor and receiving GS13 within a few months, or in Ms. Lami's case, going from on air talent to an actual editor, are all "reassignments." If that is the case, whey did he not "reassign" Mr. Stanazai, a US citizen, who was and should have been benchmarked to GS13 several years ago, nearly going back to 2010. It is also not clear why Ms. Lami and Ms. Rozbih were interviewed for the positions and Mr. Stanazai was not. In fact, Ms.

Lami was disqualified, she was not a US citizen. Further, these positions required changes to schedules, promotions to GS13 and full management responsibility, and great potential for growth. The fact that defendant wants this court to believe that Ms. Lami, was an editor before the reconstruction and continued just the same, after the reconstruction, is simply not true. SOF 10. Also, it is misleading to the court that not one of these positions came with different level of authority, management and promotion to GS13. SOF 13. In fact there were several positions to fill during this reconstruction, these positions were competitive, they required interviews and some were promoted, while others were at the GS13 already. The only procedure that Mr. Ayazi did not include was an actual publication of the position, please see example of similar positions, Mr. Stanazi had applied for and was not considered again as a form of retaliation. Exhibit 4.

During this time of reconstruction, in creating two different divisions, Dari radio and television and Pashto radio and television, before Mr. Ayazi's announcement on October 7, 2016, Ms. Lami and Ms. Rozbih were aware that they were being considered and promoted. On or around that time, Ms. Lami left her cubicle and moved into or started to occupy the office of the managing editor. Mr. Stanazai was not aware of these events, as they were kept hushed and secret until it was revealed by way of an email which claimed that the reconstruction did not include "vacant management positions" this would seem accurate because all the new positions had been promised and filled. There was a selection process that was not revealed until all the positions were filled.

It should be noted that Defendant has not put forth the actual job positions for the "team leader" and "senior editor" position. They simply assert that the employees in the "senior editor"

4

position have the same duties they did as "team leaders." However, evidence has been put forth to show that the "senior editor" position, which Plaintiff was denied, is different from the "team leader" position. The promotions to "senior editor" were part of a general reorganization. Akbar Ayazi claimed he "moved around GS-13 managers to better streamline the workflow of the service and to improve the quality of the broadcast." ECF doc 33-4 pg 23. In an email dated October 7, 2016, Mr. Ayazi stated "In order to be able to run the complex multiple platforms operation of the service, I have asked Ahmad Sear Zia and Hafiz Assefi to service [sic] as senior editors of the Dari team and Roshan Noorzai and Hasib Alkiozai to serve as senior editors for the Pashto team. All four editors will support Lina and Shiasta in leading the teams for creating great content and assist them in the editorial process." ECF doc 33-4 pg 32-33. This implies that the "senior editor" position is a different position, with different duties and responsibilities, than the "team leader" position. Further, in the context of a journalism organization such as Defendant, "editor" implies some sort of senior position. Defendant is using word games to hide that the "senior editor" position was a promotion, for which Plaintiff was qualified, and was denied based on his membership in a protected class and as retaliation for his prior complaints about being harassed due to his membership in a protected class. Defendant cannot defeat summary judgment by merely stating that the "senior editor" position is identical to the "team leader" position. This is inconsistent with prior descriptions of the "senior editor" position. There is a genuine dispute as to a material fact that must be resolved by a jury.

Defendant's proffered reason for the adverse employment action it took against Plaintiff are pretextual. The promotion of certain employees to "senior editor' was more than a mere change in job title. It was a change in job duties and responsibilities. Plaintiff has repeatedly

5

expressed interest in the senior editor position. It is not necessary for Plaintiff to have undertaken a formal application process where, by Defendant's admission, there was no such process. Plaintiff made every reasonable attempt to convey his interest in the senior editor position.

Mr. Stanazai has several times over, met his burden and has and will demonstrate to a reasonable jury that the employer acted based on prohibited reasons and the actions by the employer was retaliation in regard to the senior editor position.

For the foregoing reasons, Defendant's Motion for Summary Judgment should be denied.

Dated: Washington, DC
       May 21, 2021

                                        X       X *Shameela Sarah Shah*
                                                   Shameela Sarah Saha, Esq., DC Bar No.: 995094
                                                   *Attorney for Plaintiff*
                                                   2200 Pennsylvania Avenue NW
                                                   Suite 4041 East Building
                                                   Washington DC 20037
                                                   Tel.: 202-792-3322

Certificate of Service

The above Opposition to Motion for Summary Judgement and all supporting documents memorandum and statements, were served via electronic filing on the defendant's attorneys.

Johnny Walker
Daniel F. Van Horn
Assistant US Attorney
555 4th Street NW
Washington DC 20530
202 252 2575

*X Shameela Sarah Shah*

Shameela Sarah Shah

5/21/2021