UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NASEEM S. STANAZAI,<br>         *Plaintiff*,<br><br>    v.<br><br>BROADCASTING BOARD OF GOVERNORS,<br>         *Defendant*. | Civil Action No. 17-2653 (RDM) |

**REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant the United States Agency for Global Media, formerly called the Broadcasting Board of Governors ("BBG"), showed in its opening brief that Plaintiff Naseem Stanazai is unable to either make out a prima facie case or to put forward evidence of retaliation in connection with his alleged nonselection to be a "senior editor" during a 2016 restructuring of the branch of Voice of America where he works. Specifically, Stananzai cannot establish a prima facie case because there were no open positions for "senior editors" as part of the restructuring. The individuals referred to as "senior editors" in the new structure were, like Stanazai, GS-12 employees performing the same duties and functions as they performed prior to the restructuring. *See* Mem. of Pts. and Auths. in Support of Def.'s Mot. for Summ. J. ("Def.'s Br.") at 6–9, Dkt. No. 40-1 at 10–13.[1] And there is no evidence that the BBG acted with retaliatory animus towards Stanazai in connection with the "senior editor" roles; indeed, Stanazai has disclaimed any belief that it did so. Def.'s Br. at 10–12, Dkt. No. 40-1 at 14–16.

---

[1]   Page numbers following docket numbers are to the page numbers generated by the electronic case management system and printed in the upper right corner of the page.

In his opposition, Stanazai does not deny that there were no open "senior editor" positions created as a result of the restructuring but contends instead that the absence of any open position or selection process is no bar to his nonselection claim. Pl.'s Opp. to Def.'s Mot. for Summ. J. ("Pl.'s Opp.") at 3, Dkt. No. 41 at 3. The cases he relies upon, however, do not remotely support that proposition. In *EEOC v. Metal Service Co.*, 892 F.2d 341 (3d Cir. 1990), there were positions to be filled, and the individuals challenging their nonselection "followed precisely the procedure established by [the employer] for how a person applies for a job at the company," though that process was less "formal" than traditional hiring. *Id.* at 349. And in *Cones v. Shalala*, 199 F.3d 512 (D.C. Cir. 2000), the plaintiff had indicated his desire to fill a vacant director position where he had been serving in an acting capacity. *Id.* at 518. The fact that there was no formal application process, the court held, did not preclude the showing of a prima facie case where the position was filled through a less formal means by a candidate who, like the plaintiff, also expressed interest in filling the position. *Id.*

The instant case lacks key facts present in both *Metal Service* and *Cones*: a vacant position and some form of selecting someone to fill it. While it is true that the absence of a formal application and selection process does not always prevent a plaintiff from showing a prima facie nonselection case, there must at least be a vacant position to be filled and some formal or informal process by which the plaintiff established his candidacy. *See Stanazai*, 2019 WL 1046296, at *6 ("[W]here, as here, a plaintiff alleges discrimination and retaliation based on failure to hire, his prima facie case fails if he cannot establish a vacancy in the position[.]"); *see also* Def.'s Br., Dkt. 40-1 at 12–13 (citing additional cases). Stanazai does not even try to satisfy those requirements, and his attempt to instead evade them is without legal support.

Relatedly, Stanazai insists that he somehow "repeatedly expressed interest in the senior editor position." Pl.'s Opp. at 3, Dkt. No. 41 at 3. For the reasons stated above, however, simply expressing an interest in a position already held by someone else cannot give rise to a prima facie case. *See Stanazai*, 2019 WL 1046296, at *6. In any event, Stanazai does not provide sufficient evidence to show that he did in fact express an interest in the relevant GS-12 positions held by Zia, Assefi, Noorzai, and Alikozai. Stanazai's assertions to that effect in his brief are unsupported by any cited evidence. Pl.'s Opp. at 3, 6, Dkt. No. 41 at 3, 6. Stanazai filed an Exhibit 3 (which is not cited anywhere in his brief or response to Defendant's statement of facts), which shows that he applied for a GS-14 "Supervisory International Broadcaster" position in the fall of 2017. Pl.'s Ex. 3, Dkt. No. 41-2. But that was *after* the October 2016 restructuring at issue in this case. That selection also related to an entirely different position two grades above the relevant "senior editor" roles. Stanazai's 2017 application to fill a GS-14 position could not possibly have put anyone on notice that Stanazai desired one of the GS-12 assignments filled by Ahmed Sear Zia, Hafiz Assefi, Roshan Noorzai, and Hasib Alikozai during the restructuring in 2016.

Stanazai has also filed a purported affidavit[2] in which he vaguely asserts that he has "always sought a senior editor assignment/position." Pl.'s Ex. 4 at 1, Dkt. 41-2 at 18. He provides scant details, however, about what he allegedly did to make his interest in such a position clear. Nor does he specify that the positions he "always sought" are the GS-12 positions and assignments performed by Zia, Assefi, Noorzai, and Alikozai. In fact, the only specific complaints in Stanazai's "affidavit" relate to his nonselection to be a GS-13 managing editor or to have been benchmarked

---

[2]    Stanazai's purported affidavit is not valid evidence. For one thing, it is unsigned. Further, though the document is titled "Affidavit of Naseem Stanazai," it begins "I, *Tahir M. Achagzai* being first duly sworn, deposes and states under the penalty of perjury as follows." Dkt. 41-2 at 18 (emphasis added). Thus, nothing about the "affidavit" indicates that it is a sworn statement by Stanazai made under the penalty of perjury.

3

as a GS-13,³ and thereby demonstrate his dissatisfaction serving in a GS-12 position, as opposed to any interest in doing so. Pl.'s Ex. 4 at 1–3, Dkt. No. 41-2 at 18–20. This document therefore does not establish that Stanazai made it known that he was interested in performing the GS-12 work done by Zia, Assefi, Noorzai, and Alikozai.

Stanazai also states incorrectly and without supporting evidence that "most of" the four individuals referred to by Akbar Ayazi as senior editors were promoted to GS-13. Pl.'s Resp. to SOF ¶ 6, Dkt. 41-1 at 3. But as the uncontradicted evidence submitted by Defendant shows, all four of the individuals expereienced no promotion or change of duties and continued to be GS-12 employees following the restructuring. Def.'s SOF ¶¶ 12–14, Dkt. No. 40-2 at 3. One of the four later applied for an entirely different GS-13 position (for which Stanazai did not apply) and was selected. McKnight Decl. ¶ 4, Dkt. No. 40-3 at 2. And Zia's promotion to GS-13 in June 2017 was part of a desk audit "unrelated to the new management structure." *Id.* The other two individuals remain GS-12 employees to this day. *Id.* Thus, Stanazai's assertion that most of the "senior editors" were made GS-13s is not true and lacks evidentiary support.

Stanazai also argues that the mere fact that Ayazi announced that Zia, Assefi, Noorzai, and Alikozai would serve as "senior editors" in the new structure "implies" that they would have "different duties and responsibilities" than they carried out previously. Pl.'s Opp. at 5, Dkt. No. 41 at 5. That is unfounded. In restructuring the service around language rather than broadcast medium, the four individuals would necessarily be reassigned to new teams—i.e., Dari or Pastho as opposed to radio or television. It is not surprising that Ayazi would provide those new designations in his

---

³   Neither the managing editor positions, nor the benchmarking are at issue in this case. The Court held that Stanazai failed to exhaust any claims not arising out of the October 2016 restructuring and that Stanazai failed to demonstrate a prima facie claim as to his nonselection to the managing editor positions. *Stanazai*, 2019 WL 1046296, at *5–6.

4

announcement and his doing so in no way "implies" any change in duties. In any event, Defendant has supplied sworn testimony that the four individuals' duties did not in fact change following the restructuring, and Stanazai supplies no evidence to the contrary other than unwarranted implications.

Notably, Stanazai spends much of his six-page opposition paper arguing about positions that are no longer at issue in this case: the managing editor positions that were filled by Lina Rozbih and Shaista Sadat Lami. Pl.'s Opp. at 3–4, Dkt. No. 41 at 3–4. But the Court has already granted Defendant summary judgment on those claims because Stanazai was not qualified for the GS-13 managing editor positions. *Stanazai*, 2019 WL 1046296 at *6.

Further, even if Stanzai had made out a prima facie case, he has utterly failed to follow through with any evidence showing that the BBG's stated reason for not designating him a "senior editor" is pretext for retaliation. He simply insists that he has "several times over, met his burden and has and will demonstrate to a reasonable jury that the employer acted based on prohibited reasons." Pl.'s Opp. at 6, Dkt. No. 41 at 6. But such ipse dixit does not cut it on summary judgment. Stanazai "must present affirmative evidence showing a genuine issue for trial," *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987), and such showing must involve more than "[t]he mere existence of a scintilla of evidence" in support of his claim, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Stanazai has not come close to meeting that burden on the question of retaliatory motive.

For these reasons and the reasons set forth in Defendant's opening brief, the Court should enter summary judgment in favor of Defendant.

Dated: June 4, 2021
      Washington, D.C.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:  /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: (202) 252-2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendant*